FILED
2017 Aug-21  AM 11:35
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **TONY G. JEFFREYS and** ) | |
| **BRIAN D. LEE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No.:** |
| ) | |
| **WILLIAM P. RYAN and** ) | |
| **PIERCE TRUCKING, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

---

## NOTICE OF REMOVAL

---

COME NOW Defendants, Pierce Trucking, LLC and William P. Ryan, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby remove this action filed by the Plaintiffs in the Circuit Court of Limestone County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of this Notice, Defendants show unto the court the following:

## A.  PROCEDURAL BACKGROUND

1.     This case was filed by Plaintiffs on July 17, 2017, in the Circuit Court of Limestone County, Alabama, civil action number: CV-2017-900229.   The documents attached as Exhibit "A" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

{DOC# 00456478}

2.     Pierce Trucking was served with the summons and complaint via certified mail on July 27, 2017.  Ryan was served with the summons and complaint via certified mail on July 28, 2017.  (*See* Exhibit "A," and copies of Service of Process Transmittals, within Exhibit "A").

3.     This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Northeastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4.     This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.     Contemporaneous with the filing of this Notice, Defendants are filing a copy with the Clerk of the Circuit Court of Limestone County, Alabama as required by 28 U.S.C. § 1446(d).

## B.  DIVERSITY OF THE PARTIES

6.     Plaintiffs are residents of the state of Alabama.  (Exhibit "A"). Upon information and belief, Plaintiffs are domiciled in the state of Alabama and intend to reside and remain in the state of Alabama. Thus, Plaintiffs are citizens of the state of Alabama.

7.     Pierce Trucking is a limited liability company formed under the laws of the state of Missouri with its principal place of business in Canton, Missouri.

Daniel Fasher and Michelle Pierce-Fasher are the sole members of Pierce Trucking. Both Daniel Fasher and Michelle Pierce-Fasher reside and are domiciled in Canton, Missouri. (*See* exhibit "A" and affidavit of Michelle Pierce-Fasher, attached hereto as exhibit "B").

8.     Ryan is a resident of Missouri and is domiciled in Canton, Missouri. (*See* exhibit "A").

8.     The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

9.     Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a)

## C.  <u>AMOUNT IN CONTROVERSY</u>

10.     In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11.     Plaintiffs' complaint asserts claims for negligence and wantonness against Defendants and demands compensatory and punitive damages. (*See* exhibit "A").

12.     The complaint states in part that Plaintiffs were caused to suffer damages including, but not limited to, pain and suffering, medical expenses, and permanent physical injuries.  (*See* exhibit "A").

{DOC# 00456478}

13.     On June 19, 2017, Plaintiffs' counsel made a written settlement demand in the amount of $175,000 for Plaintiff Tony Jeffreys and $125,000 for Plaintiff Brian Lee. (*See* exhibit "C").

14.     The Defendants deny that they are liable to Plaintiffs in any amount but do not dispute that the amount in controversy exceeds $75,000.00, as evidenced by complaint and written settlement demand.

15.     Removal procedure is governed by 28 U.S.C. § 1446. In the removal context, federal law requires "an amended pleading, motion, order or other paper" if jurisdiction is not established by the initial pleadings. 28 U.S.C. § 1446(b). In *Lowery v. Alabama Power Co.*, the Eleventh Circuit Court of Appeals held that the document which indicates federal jurisdiction – "be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." 483 F. 3d. 1184, 1211 (11th Cir. 2007). In particular, the jurisdictional amount may be ascertained from a settlement demand letter, which falls within the "other paper" category of § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000), *cited* by *Lowery,* 483 F.3d at 1213, n.62. *See also Golden Apple Management Co., Inc. v. GEAL Computers, Inc.,* 990 F. Supp. 1364 (M.D. Ala. 1988). Thus, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Pretka v. Kolter City Plaza, III, Inc.*, 608 F.3d 744,

767 (11th Cir. 2010) ("Section 1446(b) is based on the recognized policy of the federal courts to require, as far as possible, prompt action on the party of those seeking a removal so as to avoid the evils of the delay necessarily attendant upon the change of forum")(citation omitted).

16.    Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

## D.  **TIMELINESS**

17.    The removal is filed within thirty (30) days from when the Defendants were served with the summons and complaint and is therefore timely. 28 U.S.C. § 1446(b).

## E.  **CONCLUSION**

18.    The Defendants have satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendants pray the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Limestone County, Alabama, shall justify removal of said suit to this Court.

/s/ Evan P. Baggett
Charles F. Carr (asb-4371-a54c)
Evan P. Baggett (asb-5568-v79b)
Attorneys for Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:      ccarr@carrallison.com
            ebaggett@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of August, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

_____Facsimile transmission;

_____Hand Delivery;

\_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or

 **X**  Electronically filed with the Clerk of this Court which will send notifications of such to the following:

C. Todd Buchanan, Esq.
**SHUNNARAH INJURY LAWYERS, P.C.**
2900 1st Avenue South
Birmingham, Alabama 35233

*/s/ Evan P. Baggett*
OF COUNSEL

{DOC# 00456478}