FILED
2017 Aug-21  AM 11:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>44-CV-2017-900229.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA
### TONY G. JEFFREYS ET AL V. WILLIAM P. RYAN ET AL

**NOTICE TO:** WILLIAM P. RYAN, 2101 VIRGINIA AVE., CANTON, MO 63435
(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CHARLES TODD BUCHANAN                                                                                                    ,
(Name(s) of Attorney(s))

WHOSE ADDRESS(ES) IS/ARE: 2900 1st Ave. South, BIRMINGHAM, AL 35233                                        .
(Address(es) of Plaintiff(s) or Attorney(s))

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TONY G. JEFFREYS
[Name(s)]
pursuant to the Alabama Rules of the Civil Procedure.

| 7/17/2017 9:10:17 AM | /s/ BRAD CURNUTT | By: |
| --- | --- | --- |
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.　　　　/s/ CHARLES TODD BUCHANAN
(Plaintiff's/Attorney's Signature)

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
(Name of Person Served)　　　　　　　　　　　(Name of County)

Alabama on _____ .
(Date)

| | | |
| --- | --- | --- |
| _____ | _____ | _____ |
| (Type of Process Server) | (Server's Signature) | (Address of Server) |
| | _____ | _____ |
| | (Server's Printed Name) | (Phone Number of Server) |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>44-CV-2017-900229.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA
### TONY G. JEFFREYS ET AL V. WILLIAM P. RYAN ET AL

**NOTICE TO:** PIERCE TRUCKING LLC, 15899 LURAY ROAD, CANTON, MO 63435

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CHARLES TODD BUCHANAN,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2900 1st Ave. South, BIRMINGHAM, AL 35233.

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TONY G. JEFFREYS pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 7/17/2017 9:10:17 AM | /s/ BRAD CURNUTT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ CHARLES TODD BUCHANAN

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
8/17/2017 9:10 AM
44-CV-2017-900229.00
CIRCUIT COURT OF
LIMESTONE COUNTY, ALABAMA
BRAD CURNUTT, CLERK

# IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY G. JEFFREYS, and** | ) | ***JURY TRIAL IS REQUESTED*** |
| **BRIAN D. LEE;** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: _____** |
| | ) | |
| **WILLIAM P. RYAN, and** | ) | |
| **PIERCE TRUCKING LLC,** | ) | |
| | ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, the driver of the motor vehicle which collided with plaintiff's vehicle, and/or interfered with plaintiff's path of travel, causing plaintiff to lose control as described herein, whose negligence or wantonness caused plaintiff's injuries on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit; No. 3, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit; No. 4, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 5, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 7, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 8, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which had

supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 15, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage); No. 16, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 17, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 18, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiffs aver that the identities of the fictitious party defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time, their identities as proper parties defendants are not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained],

**Defendants**.

---

## <u>C O M P L A I N T</u>

---

### PARTIES

1.      Plaintiff, Tony G. Jeffreys, is an individual over the age of nineteen (19) and a resident of Limestone County, Alabama.

2.      Plaintiff, Brian D. Lee, is an individual over the age of nineteen (19) and a resident of Limestone County, Alabama

3.      Defendant, William P. Ryan (hereinafter "Mr. Ryan"), is an individual over the age of nineteen (19) and upon information and belief, is a resident of Canton, Missouri.

4.      Pierce Trucking LLC is a Foreign Corporation doing business within the State of Alabama. Defendant William P. Ryan, at all times relevant hereto, was employed by PIERCE TRUCKING LLC as a driver.

5.      PIERCE TRUCKING LLC at all times relevant hereto, has their principal place of business located at 15899 Luray Road, Canton, MO 63435.

### FACTUAL BACKGROUND

6.    On or about the 21st day of July, 2015, Plaintiff, Tony G. Jeffreys was operating a motor vehicle south on I-65 in Limestone County, Alabama. Brian D. Lee was a passenger in the vehicle.

7.    At the same time, Defendant William P. Ryan was also driving south on I-65 in Limestone County, Alabama.

8.    The vehicle being driven by Defendant William P. Ryan, 2015 Mack Pinnacle Tractor Trailer, VIN: 1M1AW07Y0FM045052 was owned by Pierce Trucking LLC.  Mr. Ryan had permission to drive the subject vehicle on that day as he was employed by PIERCE TRUCKING LLC.

9.    Defendant William P. Ryan failed to keep a proper lookout and made an improper lane change, which caused a collision with the Plaintiffs.

10.    At all times relevant hereto, Mr. Ryan was employed by PIERCE TRUCKING LLC as a driver.  He was provided the subject Truck to transport product, run errands and do other business for PIERCE TRUCKING LLC

11.    As a proximate consequence of Defendant and/or fictitious defendants' negligence and wantonness, Plaintiff, Tony G. Jeffreys, suffered significant and permanent physical injuries and disabilities as follows:

    (a)    He suffered injuries to various portions of his body, including but not limited to: neck, back, head, legs, and arms;

    (b)    He suffered aggravations of pre-existing conditions;

    (c)    He has experienced and continues to experience pain and suffering;

    (d)    He is reasonably certain to experience pain and suffering in the future;

    (e)    He has experienced and continues to experience mental anguish;

    (f)    He is reasonably certain to experience mental anguish in the future;

(g)     He was knocked, shocked, bruised and contused over various portions of his body;

(h)     He was permanently injured, disfigured and damaged;

(i)     He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(j)     He was caused to incur out-of-pocket medical expenses;

(k)     He is reasonably certain to incur personal injury medical expenses in the future.

12.     As a proximate consequence of Defendant and/or fictitious defendants' negligence and wantonness, Plaintiff, Brian D. Lee, suffered significant and permanent physical injuries and disabilities as follows:

(a)     He suffered injuries to various portions of his body, including but not limited to: neck, back, head, legs, and arms;

(b)     He suffered aggravations of pre-existing conditions;

(c)     He has experienced and continues to experience pain and suffering;

(d)     He is reasonably certain to experience pain and suffering in the future;

(e)     He has experienced and continues to experience mental anguish;

(f)     He is reasonably certain to experience mental anguish in the future;

(g)     He was knocked, shocked, bruised and contused over various portions of his body;

(h)     He was permanently injured, disfigured and damaged;

(i)     He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(j)     He was caused to incur out-of-pocket medical expenses;

(k)     He is reasonably certain to incur personal injury medical expenses in the future

## COUNT ONE – NEGLIGENCE OF RYAN

13.     Plaintiffs re-allege all preceding paragraphs of the Complaint as if fully set forth herein.

14.     On or about the 21st day of July, 2015, Plaintiff, Tony G. Jeffreys was operating a motor vehicle south on I-65 in Limestone County, Alabama. Brian D. Lee was a passenger in the vehicle.

15.     At the aforesaid time and place, Defendant Mr. Ryan, and/or fictitious defendants, negligently caused or allowed the motor vehicle that Defendant Mr. Ryan was then and there operating to cause a collision with the Plaintiffs, as aforesaid.

16.     As a proximate consequence of the negligence of Mr. Ryan, and/or fictitious defendants, Plaintiffs were injured, harmed and damaged as set forth in paragraphs eleven and twelve (11 & 12), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant William P. Ryan and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – WANTONNESS OF RYAN

17.     Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

18.     On or about the 21st day of July, 2015, Plaintiff, Tony G. Jeffreys was operating a motor vehicle south on I-65 in Limestone County, Alabama. Brian D. Lee was a passenger in the vehicle.

19.     At the aforesaid time and place, Defendant Mr. Ryan, and/or fictitious defendants,

negligently caused or allowed the motor vehicle that Defendant Mr. Ryan was then and there operating to cause a collision with the Plaintiffs, as aforesaid.

20.      As a proximate consequence of the wantonness of Defendant, and/or fictitious defendants, Plaintiffs were injured and damaged as set forth in paragraphs eleven and twelve (11 & 12), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant Mr. Ryan, and/or fictitious defendants, for compensatory and punitive damages the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – NEGLIGENT/WANTON ENTRUSTMENT BY DEFENDANT PIERCE TRUCKING LLC

21.      Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

22.      As of July 21, 2015, PIERCE TRUCKING LLC, was the owner of, and had the right of control over, the use of the motor vehicle driven by Mr. Ryan.  PIERCE TRUCKING LLC negligently and/or wantonly entrusted said vehicle to Mr. Ryan, who was not competent to operate a motor vehicle.  PIERCE TRUCKING LLC negligently and/or wantonly entrusted the subject vehicle to Mr. Ryan which was the proximate cause of the Plaintiffs' injuries and damages as described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants PIERCE TRUCKING LLC and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against each

Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT FOUR – *RESPONDEAT SUPERIOR*

23.     Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

24.     At the time and place of the incident made the basis of this suit, Mr. Ryan was operating a commercial vehicle in the line and scope of his employment for PIERCE TRUCKING LLC, was an agent and/or employee of PIERCE TRUCKING LLC, PIERCE TRUCKING LLC was the master or principal of Mr. Ryan and PIERCE TRUCKING LLC is vicariously liable for his actions.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiffs' injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants PIERCE TRUCKING LLC and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against each Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT FIVE – NEGLIGENT/WANTON
## HIRING, TRAINING, SUPERVISION AND/OR RETENTION

25.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

26.     At the aforesaid time and place, and for some time prior thereto, PIERCE TRUCKING LLC had the supervisory authority and was charged with the hiring, training, supervising, and retention of its agents, employees, and/or motor vehicle drivers, like and including Mr. Ryan.  PIERCE TRUCKING LLC negligently and/or wantonly exercised or failed to hire, train, supervise, and retain its motor vehicle drivers, like and including Mr. Ryan.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant PIERCE TRUCKING LLC and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against each Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful act and which will effectively prevent other similar wrongful acts.

## COUNT SIX – NEGLIGENT/WANTON
## MAINTENANCE, OPERATION, SERVICE AND/OR REPAIR

27.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

28.     At the aforesaid time and place, and for some time prior thereto, PIERCE TRUCKING LLC and/or fictitious party Defendants was/were the owner(s), lessor(s), and/or lessee(s) of the subject Truck driven by Mr. Ryan and as such, had the authority to supervise the maintenance, operation, service and repair of the subject vehicle.  PIERCE TRUCKING LLC and/or fictitious party Defendants negligently or wantonly exercised or failed to exercise said supervisory control over the maintenance, operation, service and/or repair of the subject vehicle.

Said negligent and/or wanton conduct was a proximate cause of the Plaintiffs' injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant PIERCE TRUCKING LLC and/or fictitious party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the jury selected to hear this case render a verdict for Plaintiffs and against each Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful act and which will effectively prevent other similar wrongful acts.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

/s/ C. Todd Buchanan
C. Todd Buchanan (BUC034)
Brandon T. Bishop (BIS014)
Attorneys for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
Phone:          (205) 983-8166
Paralegal:      (205) 983-8266
Facsimile:      (205) 983-8466
Email:          tbuchanan@asilpc.com

## IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY G. JEFFREYS, and** | ) | ***JURY TRIAL IS REQUESTED*** |
| **BRIAN D. LEE;** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: _____** |
| | ) | |
| **WILLIAM P. RYAN, and** | ) | |
| **PIERCE TRUCKING LLC,** | ) | |
| | ) | |

## PLAINTIFF'S JURY DEMAND

COMES NOW the Plaintiffs, by and through their undersigned counsel and hereby request a trial by struck jury.

Respectfully Submitted,

/s/ C. Todd Buchanan
C. Todd Buchanan (BUC034)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
Phone:         (205) 983-8166
Assistant:     (205) 983-8266
Facsimile:     (205) 983-8466
Email:         tbuchanan@asilpc.com

Plaintiffs Address:
c/o C. Todd Buchanan
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233

## REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the **_Clerk_** direct service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

William P. Ryan
1201 Virginia Ave.
Canton, MO 634350

Pierce Trucking LLC
15899 Luray Road
Canton, MO 63435

/s/ C. Todd Buchanan
OF COUNSEL

ELECTRONICALLY FILED
7/07/2017 9:10 AM
44-CV-2017-900229.00
CIRCUIT COURT OF
LIMESTONE COUNTY, ALABAMA
BRAD CURNUTT, CLERK

## IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY G. JEFFREYS, and** | ) | ***JURY TRIAL IS REQUESTED*** |
| **BRIAN D. LEE;** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: _____** |
| | ) | |
| **WILLIAM P. RYAN, and** | ) | |
| **PIERCE TRUCKING LLC,** | ) | |
| | ) | |

## <u>PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, WILLIAM P. RYAN</u>

COMES NOW the Plaintiffs and hereby serves the following Interrogatories and Requests for Production of Documents to Defendant, William P. Ryan to be answered in accordance with the *Alabama Rules of Civil Procedure*:

## <u>DEFINITIONS</u>

The following words, when used in these discovery requests, unless otherwise indicated, shall mean:

A.     The terms "You" and "Your" refer to Defendant, William P. Ryan and to his present or former agents, attorneys, representatives and other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.     The term "incident" refers to the July 21, 2015 motor vehicle collision that is the basis of Plaintiff's Complaint;

C.      "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

D.     The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

E.     "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

F.     "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

G.     "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

H.     "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

I.     "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard

the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

J.      "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

K.      "Plaintiffs" shall refer to Tony G. Jeffreys and Brian D. Lee and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his/their behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

L.      *PRIVILEGE LOG*: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii)  identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## **INTERROGATORIES**

1.      State your full correct name, residence address, business address, date of birth, social security number and driver's license number.

2.      List every family member or relative that you have, or your spouse has, living in the County where this action is pending, including in your answer each such person's name, address, employer and nature of relation.

3.      State the name and address of your employer(s) at the present time and for the previous fifteen years, including dates of employment.

4.      Please identify all policies of insurance that were in effect on the date of the accident, including in your answer the: name of the insurance company, policy number, policy period, named insured(s) and policy limits.

5.      State the date, time and location of the accident.

6.      State whether or not you consumed any alcoholic beverages, prescription drugs, non-prescription drugs, or medications within twelve (12) hours prior to the accident and if so, state the type of beverage or drug consumed, when and where you consumed it and the amount/quantity

consumed.

7.      State whether you contend that the Plaintiff had consumed any alcoholic beverages prior to the accident and if so, describe all signs of intoxication that you observed.

8.      With regard to the vehicle you were driving at the time of the accident, please state the name and address of the owner, the name and address of the driver, on whose behalf the vehicle was being operated and whether you had the owner's permission to operate the vehicle.

9.      State the name and address of each person accompanying you at the time of the accident, including anyone that may have been following/leading you in a separate vehicle to a common destination.

10.     State the address from where you departed prior to the accident, as well as the address of where you were going.

11.     Describe in detail any and all conversations that took place between you and the Plaintiffs, and/or anyone else at the accident site.

12.     Aside from conversations between persons, state whether you overheard any unilateral statements, exclamations, declarations, etc., made by the Plaintiffs and/or anyone else at the accident site, including in your answer the name of the person that made the statement and the substance of it.

13.     Identify the name, address and phone number of each person who has knowledge of the accident.

14.     Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the accident.  (NOTE: this request does not seek the substance of each such communication and therefore does *not* call for privileged or otherwise protected information).

15.     Did you take any photographs of the vehicles, scene, roadway and/or persons involved in the accident?  If so, please identify the device used to take such photographs and generally describe what was photographed.

16.     Do you contend that some mechanical failure or defect in your vehicle or on the road contributed to the accident?  If your answer is in the affirmative, please describe the failure/defect.

17.     Do you contend that you have a medical condition that contributed to this accident?  If so, please identify the condition and describe in detail the way in which same contributed to the accident.

18.     If you sought medical treatment within one week (seven days) of the occurrence made the basis of this suit, please identify the name and address of the treatment provider and the dates of treatment.

19.     If you wear glasses or prescription lenses and/or have been diagnosed with any vision

impairment, please identify the name and address of your eye doctor(s).

20.     Identify all traffic citations you have received within the past ten (10) years, specifying the date and location of the occurrence, the offense(s) charged, whether you were convicted and the fine or penalty levied.

21.     Identify all other traffic accidents you have been in as a driver, specifying the date, location, parties involved, whether you were at fault and whether you were injured.

22.     State whether the vehicle that you were driving at the time of the accident was repaired and if so, state the cost of repairs and the name and address of the person or company making such repairs.

23.     State the name, address and phone number of each person you expect to call as a witness at the trial of this case.

24.     State whether you expect to call any expert witness at the trial of this case and, if so, identify his/her name and address, education, experience and qualifications, the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

25.     State whether you owned or otherwise possessed a mobile phone device at the time of the accident.  If so, please identify the name of the owner of the device, the number and the cellular/digital provider.

26.     State whether you were "using" (*e.g.*, talking, texting, placing a call, receiving a call or text, using the web browser, checking voicemail, etc.) a mobile phone device at the time of the accident.  If so, please describe in detail the manner in which you were using the device, including in your answer the identity (name, telephone number and address) of any and all persons with whom you spoke, called or received a call or text from and the substance of the call/text.

27.     If you contend that you were <u>*not*</u> using a phone at the time of the accident, then please identify that last call that you made or received ***before*** the accident, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

28.     If you contend that you were <u>*not*</u> using a phone at the time of the accident, then please identify that first call that you made or received ***after*** the accident, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

29.     If you contend that you were <u>*not*</u> using a phone at the time of the accident, then please identify that last text message that you sent or received ***before*** the accident, including in your answer the name and number of the sender/recipient and the substance of the message.

30.     If you contend that you were <u>*not*</u> using a phone at the time of the accident, then please identify that first text message that you sent or received ***after*** the accident, including in your answer the name and number of the sender/recipient and the substance of the message.

31.     Do you think that this accident was your fault?

32.     What, if anything, obstructed your vision at the time of the accident?

33.     What, if anything, could you have done to avoid the accident?

34.     What, if anything, could the Plaintiff have done to avoid the accident?

35.     Has your insurance company advised you of any coverage issues relating to the claims made against you in this lawsuit?

36.     Has your insurance company provided you with a reservation of rights letter?

37.     Have you ever been a party to a lawsuit (either as a plaintiff or as a defendant)?  If your answer is in the affirmative, please identify the style, civil action number, venue and brief description of the nature of the suit.

38.     Have you reviewed the typed answers to these questions and verified that they are correct?

39.     Do you agree to correct these interrogatories if any of these answers become incorrect?

40.     Do you understand that your answers are under oath?

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### *Please produce true and correct copies of the following*:

1.     All incident reports (*e.g.*, "Alabama Uniform Traffic Incident Report"), in addition to any and all documentation of the surrounding events.

2.     All supplements and/or revisions to the incident report.

3.     All diagrams of the incident scene.

4.     Video recording of the incident, if any.

5.     Surveillance video of the Plaintiff.

6.     Photographs of the incident scene and/or roadway.

7.     Photographs of the Plaintiff.

8.      Photographs of the Defendants' vehicle.

9.      Photographs of all other vehicles involved in the incident.

10.     All repair estimates pertaining to the vehicle being operated by Defendant at the time of the incident.

11.     All repair invoices showing actual cost of repairs to the vehicle being operated by Defendant at the time of the incident.

12.     Statements obtained from the Plaintiff.

13.     Statements obtained from the Defendant.

14.     Statements obtained from any and all witnesses.

15.     All expert reports prepared in connection with this case.

16.     Entire file of all experts that you intend to call to testify at the trial of this case.

17.     Current *curriculum vitae* of all experts that you intend to call to testify at the trial of this case.

18.     A list of each case in which your expert has rendered an opinion or given sworn testimony in the past ten (10) years.

19.     All policies of insurance which will, or may, provide liability coverage to you in connection with the occurrence made the basis of this suit.

20.     All declarations pages certifying the policy limits of all policies of insurance which will, or may, provide liability coverage to you in connection with the occurrence made the basis of this suit.

21.     All umbrella policies that were in effect on the date of the incident, including declarations pages.

22.     All reservation of rights letters from insurers pertaining to some or all of the claims made against you in the subject litigation.

23.     All coverage denial letters from insurers pertaining to some or all of the claims made against you in the subject litigation.

24.     All materials received pursuant to subpoena.

25.     All of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

26.    All of the Plaintiff's medical records reflecting treatment that occurred before the incident.

27.    All written communications that you have had with any of the Plaintiff's medical providers.

28.    All call records for all telephonic device(s) owned and/or utilized by you during the month of July 2015 including, but not limited to, the following:

      a.    Records reflecting calls placed by you, and/or anyone acting on your behalf;

      b.    Records reflecting calls received or missed by you, and/or anyone acting on your behalf.

29.    All messaging records for all telephonic device(s) owned and/or utilized by you during the month of July 2015 including, but not limited to, the following:

      a.    Records reflecting text and/or SMS messages sent by you, and/or anyone acting on your behalf;

      b.    Records reflecting text and/or SMS messages received by you/your device and/or anyone acting on your behalf.

30.    If you sought medical treatment as a result of the incident, please produce true and correct copies of all such medical records.

31.    If you underwent toxicological testing following the incident, please produce true and correct copies of all such test results.

32.    All data you retrieved/downloaded from electronic control module(s) and/or event data recorder(s) contained in the vehicle operated by you at the time of the incident in whatever form it exists, whether electronic or documentary.

33.    All data retrieved from communication and/or GPS tracking systems contained within the vehicle operated by you at the time of the incident.

34.    All evidence that you intend to use at trial.

35.    All demonstrative aids that you intend to use at trial.

36.    All PowerPoint or other similar computer-generated presentations that you intend to use at trial.

37.    All digital animations that you intend to use at trial.

Respectfully Submitted,


/s/ C. Todd Buchanan
C. Todd Buchanan (BUC034)
Attorney for Plaintiff




**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233
Phone:          (205) 983-8166
Legal Asst.:    (205) 983-8266
Facsimile:      (205) 983-8466
Email:          tbuchanan@asilpc.com


**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT TO:**

William P. Ryan
1201 Virginia Ave.
Canton, MO 634350




/s/ C. Todd Buchanan
OF COUNSEL

ELECTRONICALLY FILED
7/17/2017 9:10 AM
44-CV-2017-900229.00
CIRCUIT COURT OF
LIMESTONE COUNTY, ALABAMA
BRAD CURNUTT, CLERK

## IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY G. JEFFREYS, and** | ) | ***JURY TRIAL IS REQUESTED*** |
| **BRIAN D. LEE;** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: _____** |
| | ) | |
| **WILLIAM P. RYAN, and** | ) | |
| **PIERCE TRUCKING LLC,** | ) | |
| | ) | |

## PLAINTIFFS' INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PIERCE TRUCKING LLC

COMES NOW the Plaintiffs and hereby serves the following Interrogatories and Requests for Production of Documents to Defendant, Pierce Trucking LLC to be answered in accordance with the *Alabama Rules of Civil Procedure*:

## DEFINITIONS

The following words, when used in these discovery requests, unless otherwise indicated, shall mean:

A.    The terms "You" and "Your" refer to Defendant, Pierce Trucking LLC and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.    The term "incident" refers to the July 21, 2015 motor vehicle collision that is the basis of Plaintiff's Complaint;

C.    The term "subject truck" refers to the 2015 Mack Pinnacle being driven by William P. Ryan at the time of the incident;

D.    The term "Your Driver" refers to William P. Ryan, the driver of the subject truck at the time of the incident;

E.    "Communication" means any oral or written exchange of words, thoughts or

ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

F.  The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

G.  "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

H.  "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

I.  "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

J.  "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter,

length, and the present custody of each copy of the document having notations unique to such copy.

K.    "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

L.    "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

M.    "Plaintiffs" shall refer to Tony G. Jeffreys and Brian D. Lee and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his/their behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

N.    *PRIVILEGE LOG*: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii)  identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## REQUESTS FOR ADMISSION

1.    Admit that your driver was employed by you at the time of the incident.

2.    Admit that your driver was on-the-job for you at the time of the incident.

3.    Admit that your driver was acting in the line and scope of his employment with you at the time of the incident.

4.    Admit that you are vicariously liable for your driver's negligent conduct, if any.

## **INTERROGATORIES**

1.      Have you been named properly in Plaintiff's Complaint?  If not, please identify your proper designation.

2.      Are you owned by or a subsidiary of another company, entity or person?  If so, please identify the other company, entity or person.

3.      State whether the subject truck underwent repairs following the incident. If so, state the nature of the repairs and the names, addresses and telephone numbers of the repair facilities.

4.      Set forth the combined approximate weight of the subject when running without a load and, if loaded at the time of the incident, set forth the total weight at the time of the incident.

5.      Set forth the weight and dimensions of the subject truck.

6.      State whether the subject truck was equipped with any type of on-board recording device. If so, state the type of device, what information was recorded, and for what periods of time.

7.      Is Your Driver your regular employee? If so, state the date that employment began and whether he or she is still in your employ.

8.      State whether you have retained a driver qualification file in your company offices for Your Driver. If so, list each of the documents in that file.

9.      State whether you have knowledge of any traffic violations committed by Your Driver either while in your employ or in prior employment. If so, state all information you have in that regard.

10.     Do you have a safety director? If so, state his or her full name and any and all titles.

11.     State the place of origin and the place of destination of the subject truck, including in your answer the exact time when the truck left its place of origin and what the scheduled arrival time was at the place of destination.

12.     Identify the location of the last pickup or delivery made by Your Driver prior to the incident, providing the exact name and address of each location with the date and time of pickup or delivery.

13.     Please set forth a 10 year complete driving record of Your Driver, including a list of all incidents and violations and citations of state or federal laws or regulations, setting forth the date of each incident or citation, brief description of each incident and/or nature of each citation or violation, state of violation or citation, specifically to include a narrative summary of all of the information requested.

14. State whether the subject truck was equipped with any type of on-board recording device, GPS device, "black box" or other Electronic Control Module. If so, state the type of device, what information was recorded, and for what periods of time.

15. Identify the date on which Your Driver was hired, the identity of the person who hired Your Driver, the identity of Your Driver's supervisor and the terms of any written or oral contract of employment or other contract between Your Driver and his employer.

## REQUESTS FOR PRODUCTION

1. The entire personnel file of Your Driver.

2. The entire human resources file of Your Driver.

3. Your Driver's employment application and any notes or documentation regarding his interview for employment.

4. The entire qualification file or any file regarding any investigation into the qualifications of Your Driver before he was hired or retained.

5. Reports received or generated regarding Your Driver's safety record before he was hired.

6. Reports received or generated regarding Your Driver's safety record after Your Driver was hired.

7. Your Driver's driving record secured by this Defendant before he was hired.

8. All documents regarding Your Driver's employment history.

9. Any and all cellular and telephone records, including bills of Your Driver, for the day of the incident and seven (7) days prior and seven (7) days after.

10. All written reports of each person whom you expect to call as an expert witness at trial, including any drafts.

11. All invoices generated by expert witnesses for performing all expert witness services to Defendants, including but not limited to, the fees for the medical examination, the records review, the pretrial preparation, any telephone conference, any trial testimony anticipated and any other fee paid by the Defendants for expert fees.

12. The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial.

13.     Any contracts between this Defendant and any other Defendant or entity regarding indemnification or contribution for claims arising out of the incident.

14.     All insurance policies including liability, general liability, excess umbrella for the vehicle, and any other insurance that will, or may, cover the incident.

15.     Al printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from the Electronic Control Module (ECM) for the subject truck.

16.     All printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from the Airbag Control Module (ACM), Powertrain Control Module (PCM), and Roll Over Sensor (ROS) for the subject truck.

17.     All printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from any and all Event Data Recorded (EDR) relating to the subject truck. An EDR means a device or function in a vehicle or remote of the vehicle that records any vehicle or occupant-based data just prior to or during a crash, such that the data can be retrieved after the crash.

18.     All data retrieved from communication and/or GPS tracking systems contained within the subject truck.

19.     All lease agreements and/or contracts that were in effect at the time of the incident between this Defendant and any other Defendant or entity regarding the scope and use of the subject truck.

20.     All contracts between this Defendant and any other Defendant or entity regarding indemnification or contribution for claims arising out of the incident.

21.     All photographs taken regarding the vehicles, the scene, or any other matter relevant to the incident.

22.     All documents received pursuant to any subpoena requests.

23.     All materials that you plan to use as evidence at trial.

Respectfully Submitted,

/s/ C. Todd Buchanan
C. Todd Buchanan (BUC034)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8166
Legal Asst.:    (205) 983-8266
Facsimile:      (205) 983-8466
Email:          tbuchanan@asilpc.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT TO:**

Pierce Trucking LLC
15899 Luray Road
Canton, MO 63435


                                        /s/ C. Todd Buchanan
                                        OF COUNSEL